Good morning, Your Honors. My name is Assistant Appellate Defender Brian Cook. I'll be speaking on behalf of the appellant, Clarence Smith. That is not a microphone. It's only a recording device, so you have to compete with the noise outside. Keep your voice up, please. Thank you. May it please the Court, the issue in this case is narrow. The parties agree that the 15-year add-on to Mr. Smith's sentence for aggravated kidnapping violates the Identifiable Elements Test of the Proportion of Penalties Clause, but we disagree about the proper remedy for this error. Generally, the remedy for this error is for the defendant to be sentenced under the penalty as it existed before the unconstitutional firearm add-on was enacted, which in this case is the range of 6 to 30 years for a Class X offense. The judge in Mr. Smith's case has already made this determination by sentencing Mr. Smith to 10 years in prison for aggravated kidnapping plus the invalid 15-year add-on. When sentencing Mr. Smith, the judge specifically said that he believed that the appropriate sentence for aggravated kidnapping was 10 years and that the 15-year add-on was being imposed simply because of statutory mandate. The judge has therefore already determined that 10 years in prison is the appropriate sentence for aggravated kidnapping under the range without the add-on, and this is precisely the same determination that the judge would have to make if Mr. Smith's case were to be remanded for its sentencing. So, all right. So, counsel, if your argument is that the judge is going to do it anyway, then there's no harm in sending it back and letting him do it anyway. Well, I disagree for a couple of reasons. First of all, I think the main reason you're going to disagree is because maybe this case is really worth 25 years as opposed to the 10 years the judge imposed on the aggravated kidnapping charge, irrespective of what he said at the time of sentencing. The judge at the time of sentencing certainly knew that he'd have to add on 15 years to any sentence he imposed on the aggravated kidnapping charge, and so in the back of his mind he knew that the sentence was going to be much longer than the 10 years he'd imposed on the substantive offense. Well, regardless of what he might have known in the back of his mind, we have what he specifically said, and he said that 10 years was the appropriate sentence. I think we should take the judge at his word. All right. Well, let's take the Supreme Court at its word, and what did the Supreme Court say in Hauschild? Well, in Hauschild, they did remand for sentencing in that specific case, but what did they say in terms of the totality of the sentence that was imposed? Didn't they, in fact, say that the trial judge should determine what the total sentence should be, and therefore remand is in order? And the reason for that was because the defendant in Hauschild had two other sentences. In addition to the sentence for attempt murder that would have to be increased on remand, he had two other sentences, one for armed robbery and one for home invasion, that were consecutive to that sentence. And so the Supreme Court remanded so that the judge could consider the appropriate sentence for attempt murder and also the appropriate sentence for those other crimes to come up with a total that the judge deemed appropriate. Here we simply have one sentence, one sentence for aggravated kidnapping. But aggravated kidnapping can be committed in a variety of ways, and I'm not sure that the 10-year sentence that he imposed for aggravated kidnapping really included the element of use of a weapon when the trial judge knew that the use of the weapon would entail an enhanced sentence under a different section. Perhaps, but what, I mean, again, we have to go to what the judge said. He said 10 years was appropriate. He, you know, we can send it back for another sentencing hearing and have him make the exact same determination in a way that, you know, would waste judicial resources by requiring a redundant ruling by the court. I would also go back to the point, you had made the point earlier that perhaps 25 years was the appropriate sentence in this case. And I think if you look at the facts, if you look at the minimal level of involvement that Mr. Smith had in this, the fact that he was acquitted of attempt murder, he had only a minimal criminal history, three drug possession cases, two of which were as a juvenile, and two gun possession cases. In light of that, I think it's reasonable to assume that when the judge said 10 years was appropriate for him, the minimal involvement and all of the mitigating facts there and the minimal criminal history. So are you saying that when he imposed a 10-year sentence, he considered in the back of his mind that maybe the 15 years would eventually get wiped out and therefore the 10 years has to stand? Because certainly, if he thought that the case was worth less than 25 years, he could have imposed six. And had he imposed six, he would have the 15-year add-on and it would be a total of 21, to the extent that you're arguing that the case is really worth less. I don't think in the back of his mind the judge thought the 15 would be stricken. I think if the judge knew that the 15-year was unconstitutional, he wouldn't have imposed it, even if the parties hadn't argued that. I think he would have just imposed the 10. Which goes back to the question of what the judge really thought the cases were. Well, Counselor, I really don't see how you get past House Child there. You know where I mean the Supreme Court specifically said that a proper remedy was to remand. They did say the proper remedy was to remand, but they didn't say that in all cases, with no exceptions, the proper remedy was to remand. Then I hate to interrupt you, but then how do you respond, young man, to People v. Johns, which came out after House Child? And I just want a quote out of it that says, and I quote, the Supreme Court in House Child established a bright line that when an amended sentencing statute has been found to violate the proportionate penalties clause, the proper remedy is to remand for resentencing in accordance with the statute as it existed prior to the amendment. Well, first of all, I would point out Johns is distinguishable, and I believe that looking at House Child itself, I think it's wrong to say that House Child announced a bright line rule. It said that it was remanded for... Then you're saying Johns is also wrong, because that's what Johns said. Right. And the reason is that House Child offered a very case-specific reason for remanding in that case, because there were three consecutive sentences... Did they link them in the ruling? They did. Did they link them and say that because there's three, we're remanding without regard to just this one issue being dealt with in the case? Right. For example, after discussing the armed robbery sentence in that case and holding that it was proper under the Identical Elements Test and holding that an add-on shouldn't have been imposed, they still nonetheless said that they were remanding for resentencing even on that conviction so that the judge could consider the proper aggregate sentence in light of the fact that the attempt murder would have to be increased. I think what the Supreme Court was concerned about is that the court would just simply increase the attempt murder and therefore increase the aggregate even if the judge considered the previously imposed aggregate to be correct. I think the idea was that on remand the judge could reduce the sentence for home invasion or armed robbery to come to perhaps the same aggregate that had previously been reached. And that's simply not a concern in this case, because we don't have any other consecutive sentences to the aggravated kidnapping that Mr. Smith received that could be affected by a reduction in that sentence. What was the aggregate sentence that Hushell received before the Supreme Court reversed? I believe it was 30 or 35 for the home invasion, 18 for the attempt murder, and 12 for the armed robbery. So it was 60% and 12%? Yeah, I believe it was 35, 18, and 12. The 18 had to be raised to at least 21, the 6 plus 15 for attempt murder. Counsel, is there a first district case that says that the appellate court should retain jurisdiction over the matter and make its own determination? And in this instance, you know, keep 10 years that you would, or just, is there a first district? I see you referenced Baker. Baker is the only decision I know of in which a court, after finding an identifiable violation, struck the add-on and simply reimposed the remainder of the sentence. Let's take a close look at Baker, because Baker involved a conviction for armed violence as well. Correct? What did he get for armed violence? Do you recall? I don't recall. He got 30. And the question was, and the charge that was reversed, the individual got 25 plus 15 for a total of 40, but 15 had to be stricken, therefore leading to 25. And the maximum sentence the individual could receive on the 25-year sentence that eventually was imposed by the appellate court, or undisturbed by the appellate court, would have been 30. Would have been 30. That's correct. So where And it was concurrent to the armed violence. Right. It was concurrent. So to the extent that, in that case, there was absolutely no difference that the individual would have faced, other than a ministerial act of making two offenses 30, as opposed to simply saying, all right, we're going to impose 25 here, because he's already facing 30 on the armed violence, and that's the maximum he would face on this offense, if it were, you know, given that we're reversing. I mean, don't you, I mean, to that extent, does it really stand at odds with Johns, Baker? Well, I believe it does. And even, even if Well, to the extent that, well, hold on, because to the extent that Spring-Ford said that you look at the totality of the sentence, and that's really what motivates a new sentencing hearing, and the totality of the sentence in Baker would not have changed. It couldn't have changed. It had to remain 30. And that's correct. I would also point out, though, that in Baker, there was no statement like there was in this case, in which the judge said, for example, that 25 is the appropriate sentence for an armed violence. Isn't there an implied statement like that in every case? I mean, it is an implied statement, isn't it? I mean, it could have been expressed in this case, but it's implied in every case. Whenever you give separate sentences, you are saying, this is the sentence that this substantive offense deserves. I don't agree that that's the case here, because of what the judge specifically said. I would also point out that in Baker, the judge said that tenure was appropriate. He said that at a time when the case was most fresh in his memory. He had just heard the trial. He had just received the PSI. We could remand now and ask the judge to make the same determination, but the judge, three and a half years later, it's been about three and a half years since that sentencing hearing, the judge may not remember exactly what he was thinking. He's just going to have perhaps what's in the transcript, just like this court does. There's a clear statement in there that 10 years is the appropriate sentence. Not 25, but 10. He went out of his way to say that. He didn't just apportion the sentence 10-15 for a total 25. He specifically said that 10 years was appropriate. I believe this court should take the judge at his word, and rather than remanding for a sentencing hearing that would just waste the judge's time and waste resources in that respect, just go ahead and impose the 10 that the judge intended to impose and that he deems to be an appropriate sentence for the offense. All right. Then it goes back to Justice Hall's question. What authority do you have for us as the appellate court, a court of review, in reading what the judge would do on remand and saying, this is what we believe the judge would do, and therefore we're going to do it now, as opposed to simply remanding? Well, Baker does, to some extent, stand, as you pointed out, it is somewhat distinguishable, but it does support our position. And Supreme Court Rule 615 always gives this court the authority to reduce a sentence. We reduce it based on information regarding whether the individual deserved the sentence he actually received, and not on the words of the judge alone. But the rule itself doesn't limit its applicability. It just simply says that the appellate court has the authority to reduce a sentence on appeal. So for those reasons, I'd like to reserve a little bit of time for rebuttal. So if you have no more questions, I would just respectfully request that this court reduce Mr. Smith's sentence to 10 years in prison. Thank you. Thank you. Appellate? Good morning, Your Honors. I am Assistant State's Attorney Alan Spellberg, and I represent the people of the state of Illinois. This case is very simple. It is controlled by the Illinois Supreme Court's decision in Housechild. If this case is controlled by that decision, why didn't the appellate court remand in Baker? Well, Baker came out three years before Housechild did. Oh, it did? Yes. Baker is a 2004 decision from the 4th District. Housechild came out in 2007. And what is Johns? Johns is a 2008 decision from this district. And Johns is... It's yours, I think. Yeah, it is mine. And Justice Hall was joined in. Yes, I do know that. Johns recognized that... You didn't know that. It's my job to know that. Johns recognized that Housechild created a bright-line rule. And the basis of that bright-line rule is very simple. That the Supreme Court wants judges to exercise their discretion with full and complete knowledge as to what the proper range of sentencing is. When a judge imposes a sentence with the belief that there's a mandatory 15-year add-on, the judge factors in the total sentence. Now, the judge may delineate how it falls out, 10 years for the base crime plus 15 years for the add-on, but the judge is clearly recognizing that this case is going to be sentenced to a total of We're going to allow that judge to reconsider its totality, to decide what the proper sentence should be after looking at the proper range. That is not a novel theory. That is not a novel idea. Defendants raise that claim all the time whenever there's an apparent misunderstanding of the range. And here, where the Illinois Supreme Court has recognized that the sentence is void, ab initio, because of the improper unconstitutional add-on, the proper remedy is to do the exact same thing. Allow the judge to exercise his or her discretion at the appropriate time, at the appropriate sentence. This is not simply a question of reducing an otherwise valid sentence. This is the question of allowing the judge to impose a valid sentence in the first place. It's for that reason that we ask this Court to follow House Childs, to follow Johns, and to remand the matter for resentencing on the appropriate charge of aggravated kidnapping within the range of 6 to 30 years. And counsel, the Court has already said what the appropriate charge or sentence should be. Why is it not a waste of the Court's time to remand it? Well, Your Honor, I would respectfully state that it's really up to the trial court to decide whether or not it's a waste of its time at that point. The trial court, as I stated, entered this sentence at the time that it believed in the law was clear that the 15-year add-on applied. Since then, the Elementary Court has said it doesn't apply. We clearly acknowledge that it was unconstitutional. And so the trial judge should be given the opportunity to reassess the case from the start and to decide what the appropriate sentence is under the 6 to 30 range, which he wasn't able to do before. It's for that reason that House Childs controls, Johns controls, and Baker doesn't apply. Your Honor, when I take your position at – I mean, your office's position at resentencing would not be 10 years of being proven. Well, I'm confident to say that my office's position will ask the judge to reconsider all the factors in aggravation and mitigation. There may be new mitigation, for all we know. There may be new aggravation. But we will look to all the facts of this case and ask the Court to impose the appropriate sentence under the proper range. If there's no further questions, we'd ask this Court to remand for resentencing. Thank you. Your Honors, I believe we addressed everything in the opening portion of my argument. So unless you have any further questions, I'll waive my rebuttal. I just have one question. Sure, go ahead. That was based upon what this young man pointed out to us. Again, I forgot. Baker's actually 2003. So how do you address the fact that House Child came down after? Well again, House Child didn't really address the specific situation that was found in Baker or in this case. It just addressed the situation where one sentence had to be increased and that sentence was going to be served consecutively to two other sentences. That was a specific situation that wasn't before the Court in Baker and isn't before the Court in this case. That's why I believe Baker remains good law after House Child because of those distinctions. Thank you. Thank you, Counsel. This matter will be taken under advisement.